**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **CHELSEA SWAIN,** | § | |
| | § | |
| ***Plaintiff,*** | § | **CIVIL ACTION NO. 1:25-CV-391** |
| | § | |
| **v.** | § | |
| | § | |
| | § | **JUDGE MICHAEL TRUNCALE** |
| **FRANK BISIGNANO,** | § | |
| | § | |
| ***Defendant.*** | § | |

**ORDER OVERRULING OBJECTIONS AND**
**ADOPTING REPORT AND RECOMMENDATION**

This matter was referred to the Honorable Zack Hawthorn, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommended affirming the Commissioner's decision because it lacks reversible error and is supported by substantial evidence. (Dkt. #17.) Swain timely filed objections. (Dkt. #18.) When a party timely objects to a magistrate judge's report and recommendation, the district court must conduct a *de novo* deterination of those portions of the report to which specific objection is made. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). The Court has therefore conducted *a de novo* determination of Swain's objections, the Report and Recommendation, the administrative record, and the applicable law. For the reasons stated below, the Court OVERRULES Swain's objections (Dkt. #18), ADOPTS the magistrate judge's Report and Recommendation (Dkt. #17), and AFFIRMS the Commissioner's denial of benefits.

**I. Fibromyalgia**

Swain objects to the magistrate judge's conclusion that the Administrative Law Judge ("ALJ") properly evaluated the intensity, persistence, and limiting effects of her fibromyalgia symptoms. She focuses on the ALJ's statement that, if Swain were as limited in walking and standing as alleged, "related objective signs would reasonably be present on examination." According to Swain, this statement demonstrates that the ALJ improperly required objective corroboration of limitations attributable to fibromyalgia. The Court disagrees.

As noted in the magistrate judge's Report, Ruling 12-2p recognizes that fibromyalgia symptoms may wax and wane and directs the ALJ to consider the longitudinal record when evaluating the severity and functional effects of the impairment. Once fibromyalgia has been established as a medically determinable impairment at step two, the ALJ must evaluate the intensity and persistence of the claimant's symptoms based on all relevant evidence—exactly what the ALJ did in this case. The ALJ found Swain's fibromyalgia to be a severe impairment, recognized symptoms characteristic of fibromyalgia, considered Swain's testimony concerning constant pain and substantial functional limitations, and expressly acknowledged that fibromyalgia symptoms may wax and wane over time. The ALJ also discussed both abnormal and normal findings throughout the relevant period, including tenderness, reduced range of motion, degenerative changes, carpal tunnel findings, gait, strength, sensation, and treatment history. Based on the entire record, the ALJ limited Swain to sedentary work with additional manipulative, postural, and environmental restrictions.

Swain's objection isolates one sentence from the ALJ's broader analysis. However, the Court must consider the record as a whole, including evidence that detracts from the ALJ's conclusion. *See Singletary v. Bowen*, 798 F.2d 818, 822–23 (5th Cir. 1986). The ALJ's decision

shows that objective findings were considered together with Swain's subjective complaints, treatment history, characteristic fibromyalgia symptoms, and the longitudinal medical evidence. The magistrate judge's observation that the challenged statement, "[r]ead in isolation," could suggest undue reliance on objective findings. (Dkt. #17 at 11.) However, judicial review concerns the ALJ's decision as a whole, not whether a single sentence, removed from its surrounding analysis, could be read differently. Accordingly, the Court agrees with the magistrate judge that the ALJ properly considered the record as a whole in assessing the functional limitations attributable to Swain's fibromyalgia.

## II. Mental Residual Functional Capacity

Swain next objects to the magistrate judge's treatment of the prior administrative medical findings of state-agency psychological consultants ("SAPCs") Drs. Brayman and Newman who opined that Swain appeared capable of "simple, routine type work that does not require more than 1-2 step instructions." The ALJ found their findings partially persuasive but ultimately limited Swain to carrying out "simple instructions" and tolerating only occasional changes in a routine work setting. Swain argues that the ALJ's only reason for omitting the one-to-two-step component was his characterization of that terminology as "vague," and that the Report effectively conceded that this reason was erroneous. The Court does not read the ALJ's decision or the Report and Recommendation as narrowly.

The ALJ did more than characterize the terminology as vague. He expressly evaluated the evidentiary basis for the SAPCs' findings and identified evidence relied upon by the SAPCs, including Swain's slow speech, agitated behavior, and improvement with medication. He then compared those observations with other record evidence, including her variable attention, normal memory, intact fund of knowledge, normal thought processes, and other mental-status findings.

Based on that evidence, the ALJ concluded that the SAPCs' findings were persuasive insofar as they supported a limitation to simple work, but that the record did not support greater mental limitations. That discussion addresses both supportability and consistency as required by 20 C.F.R. § 416.920c. The regulation did not require the ALJ to separately explain his treatment of each phrase contained within the SAPCs' findings or to adopt every functional limitation stated by a source whose findings he considered partially persuasive. The regulations do not require the ALJ to separately articulate his treatment of each component of the SAPCs' findings. *See Madkins v. Bisignano*, 150 F.4th 657, 665–67 (5th Cir. 2025) (holding that an ALJ may evaluate multiple medical opinions or prior administrative medical findings from the same source together and need not articulate consideration of each finding individually); *see also Webster v. Kijakazi*, 19 F.4th 715, 719–20 (5th Cir. 2021) (affirming an RFC even though the ALJ did not adopt the state-agency findings verbatim).

The Court also disagrees with Swain's characterization of footnote four of the Report and Recommendation as a concession that the ALJ's stated rationale was legally erroneous. The magistrate judge explained that, *even assuming* the characterization of the one-to-two-step terminology as "vague" was imprecise given the DOT's use of similar terminology, no reversible error followed because the ALJ independently explained the evidentiary basis for the mental RFC and Swain had not demonstrated prejudice. (Dkt. #17 at 16 n.4.) Swain argues that the ALJ's recognition during the administrative proceedings that one-to-two-step instructions correspond to terminology used in the DOT is inconsistent with his description of the consultants' language as vague. However, the relevant inquiry is whether the ALJ adequately explained the RFC ultimately assessed and whether that RFC is supported by substantial evidence. For the reasons discussed

above and in the Report and Recommendation, the Court finds that no legal error and the ALJ's decision is supported by the evidence.

Swain next contends that the report failed to address her argument under SSR 00-4p concerning an asserted conflict between a one-to-two-step limitation and the DOT reasoning levels associated with the occupations identified by the vocational expert. This objection rests on the same premise rejected above—namely, that the SAPCs' one-to-two-step limitation must be treated as part of Swain's RFC. Critically, it was not. The ALJ assessed an RFC permitting Swain to "carry out simple instructions" and did not adopt a restriction limiting her to instructions consisting of no more than one or two steps. At step five, the relevant comparison is between the RFC actually assessed by the ALJ and the requirements of the occupations identified by the vocational expert. A claimant may not create an apparent conflict under SSR 00-4p by inserting into the RFC a limitation the ALJ considered but did not adopt. *See Williams v. Bisignano*, No. 25-30258, slip op. at 5–7 (5th Cir. Feb. 9, 2026) (per curiam) (unpublished) (rejecting a step-five challenge based on limitations identified by a state-agency psychologist but not incorporated into the ALJ's RFC because the VE hypothetical properly reflected the limitations contained in the ALJ's reasoned RFC determination); *see also Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994) (holding that the VE's hypothetical must reasonably incorporate the disabilities recognized by the ALJ). Moreover, the vocational expert testified that her testimony was consistent with the DOT, and Swain identifies no testimony from the vocational expert at the hearing on which the ALJ relied establishing a conflict between the RFC actually assessed and the identified occupations.

Thus, the asserted SSR 00-4p conflict depends upon first accepting Swain's argument that the one-to-two-step restriction should have been included in the RFC. Because the Court

concludes that the ALJ did not reversibly err in evaluating the state-agency findings or in formulating the mental RFC, that predicate is absent.

### III. Number of Available Jobs and Harmless Error

Swain also challenges the magistrate judge's alternative conclusion that, even if the printed circuit board screener occupation were excluded, approximately 16,000 jobs would remain nationally to satisfy the Commissioner's step-five burden. The Court need not resolve whether approximately 16,000 national jobs, standing alone, constitute a significant number in this case because the magistrate judge addressed that issue as an alternative basis for finding no prejudice. *See, e.g.*, *Walker v. Kijakazi*, No. 23-60116, 2023 WL 7443302, at *4 (5th Cir. Nov. 9, 2023) (declining to decide whether the ALJ committed the asserted regulatory error where the claimant failed to demonstrate prejudice). The Court finds that Swain has not demonstrated error in the ALJ's discussion of the state-agency findings that affected her substantial rights or altered the step-five determination.

### IV. Conclusion

Having conducted a *de novo* determination of the Report and Recommendation, the Court concludes that the objections are without merit. Accordingly, the Court OVERRULES Swain's Objections to the Magistrate Judge's Report and Recommendation (Dkt. #18), ADOPTS the Report and Recommendation of the United States Magistrate Judge (Dkt. #17), and AFFIRMS the Commissioner's denial of benefits. A final judgment will be entered in accordance with the magistrate judge's recommendation.

**SIGNED this 28th day of September, 2026.**

Michael J. Truncale
United States District Judge